IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>AUSTIN MICHAEL MUCK,<br>a/k/a A-TOWN | **I N F O R M A T I O N**<br><br>Case No. _____<br><br>Violation: 21 U.S.C. § 846 |

**Conspiracy to Possess with Intent to Distribute and Distribute a Controlled Substance**

The United States Attorney Charges:

From in or about June 2024 through the date of this Information, in the Districts of North Dakota, Minnesota, Western Wisconsin, Northern Illinois, and elsewhere,

AUSTIN MICHAEL MUCK, a/k/a A-TOWN,

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown, to possess with intent to distribute and distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## Drug Quantity

The amount involved in this conspiracy attributable to AUSTIN MICHAEL MUCK, a/k/a A-TOWN, as a result of his own conduct and the conduct of other conspirators reasonably foreseeable to him, is 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(b)(1)(A)(viii).

Overt Acts

In furtherance of this conspiracy and to effect and accomplish its objects, one or more conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendant and others possessed with intent to distribute and did distribute a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, Wisconsin, Illinois, and elsewhere;

2. It was further a part of said conspiracy that the defendant and others would and did attempt to conceal their activities;

3. It was further a part of said conspiracy that the defendant and others would and did use telecommunication facilities, including cellular telephones, to facilitate the distribution of methamphetamine;

4. It was further a part of said conspiracy that the defendant and others would and did use United States currency in their drug transactions;

5. It was further a part of said conspiracy that one or more conspirators used peer-to-peer money transfer services, including but not limited to Cash App and Zelle, to send and receive payment for and proceeds of methamphetamine sales;

6. It was further a part of said conspiracy that one or more conspirators sent and received money wire transfers that were payment for and proceeds of methamphetamine sales;

7.     It was further a part of said conspiracy that one or more conspirators used social media applications, including but not limited to Facebook, to facilitate the distribution of methamphetamine;

8.     It was further a part of said conspiracy that one or more conspirators rented and occupied apartments, houses, and hotel rooms in North Dakota in which to store, possess, and distribute methamphetamine;

9.     It was further a part of said conspiracy that one or more conspirators traveled between the states of North Dakota, Minnesota, Wisconsin, and Illinois to obtain, transport, and distribute methamphetamine;

In violation of Title 21, United States Code, Section 846, and Pinkerton v. United States, 328 U.S. 640 (1946).

## FORFEITURE NOTICE

Upon conviction of the offense alleged in this Information,

AUSTIN MICHAEL MUCK, a/k/a A-TOWN,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting or derived from proceeds obtained directly or indirectly as a result of the violation of Title 21, United States Code, Section 846, and any property used or intended to be used in any manner or part, to commit, or to facilitate the commission of said violation, including but not limited to:

- $4,785 in United States currency seized on or about November 14, 2024, in West Fargo, North Dakota; and

- $28,150 in United States currency seized on or about December 6, 2024, in Fargo, North Dakota.

If any of the forfeitable property as a result of any act or omission of a defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under Title 21, United States Code, Section 853(p).

JENNIFER KLEMETSRUD PUHL
Acting United States Attorney

MPK/tmg

4